309 F. Supp. 621

CORRECTED

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
FEB 10 1970
PATRICIA D. HOWARD,
CLERK OF THE PANEL



THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MULTIDISTRICT PERSONAL INJURY LITIGATION )
ARISING FROM THE MID-AIR COLLISION NEAR   )   DOCKET NO. 30
FAIRLAND, INDIANA ON SEPTEMBER 9, 1969    )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On September 9, 1969 an Allegheny Airlines DC-9 enroute from Cincinnati, Ohio to Indianapolis, Indiana collided with a Piper Cherokee and crashed near Shelbyville, Indiana. The 78 passengers and the four crew members of the DC-9 were killed. The pilot of the small aircraft was killed also. The actions on Schedule A are death actions to recover damages resulting from the deaths of persons killed in this disaster.[1/] Following notice to all parties, a hearing was held on motions of one of the defendants and several of the plaintiffs to consider transfer of these actions to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. Section 1407.

*All parties* represented at the hearing favor transfer of these actions to a single district under 28 U.S.C. Section 1407

---

[1/]  We were advised by counsel at the hearing that several additional actions have been filed recently. These actions and any others filed hereafter will be treated as *tag along cases* under Rule 12 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*.

- 2 -

but they do not agree on the choice of the transferee court. We agree with counsel for the Ohio plaintiffs [2]/ who point out in their brief:

> The questions of fact and law applicable to liability will be virtually identical in all of these actions and, thus, this clearly is a situation in which consolidation for pretrial proceeding is appropriate pursuant to 28 U.S.C. Section 1407. The only real question is where proceedings should be consolidated.

Defendants Allegheny Airlines and the United States favor transfer of all actions to the Southern District of Indiana as do plaintiffs in actions pending in the Southern District of Indiana, the District of Connecticut and the Eastern District of New York.[3]/ The plaintiffs in actions pending in the Southern District of Ohio, the Southern District of West Virginia and the Eastern District of Tennessee favor transfer of all actions to the Southern District of Ohio.

With at least 38 actions pending in seven districts there can be little doubt that this is *multidistrict litigation* within the meaning of Section 1407. The facts relating to the cause of the collision are common to all of these actions.

---

[2]/ Those parties favoring transfer of all actions to the Southern District of Ohio. This group includes the plaintiffs in actions pending in the Southern District of Ohio and in the Eastern District of Tennessee.

[3]/ Counsel for these plaintiffs also purport to represent the plaintiff in an action commenced in the Eastern District of Kentucky but the Clerk of the Panel has no record of such an action and it was not included in the hearing order.

- 3 -

*In re Cincinnati Air Disaster (TWA)*, 298 F. Supp. 353 (JPML 1968). The parties agree that the transfer of these actions to a single district for coordinated or consolidated pretrial proceedings will serve the convenience of parties and witnesses and will promote the just and efficient conduct of these actions. The statutory criteria for transfers under Section 1407 are clearly met.

Counsel for the parties favoring transfer to the Southern District of Ohio rely on the fact that there are more actions now pending in that district than in any other single district.[4/] While the number of actions pending in a potential transferee district is relevant to the selection of the most appropriate district, it is certainly not controlling especially where, as here, the actions are nearly equally divided between two districts.

Factors favoring the selection of the Southern District of Indiana include: (1) numerous eye-witnesses to the collision reside in that district, (2) much of the potentially relevant material evidence is located in Indianapolis[5/] and (3) the owner of the Piper Cherokee is an Indiana corporation with its principal office in Indianapolis. Perhaps most important

---

[4/] It seems unlikely that many more actions will be commenced in the Southern District of Ohio while the filing of a substantial number of new actions in the Southern District of Indiana can be reasonably expected.

[5/] Some documentary evidence is also located in Pittsburg, Pennsylvania and Washington, D. C. but none is located in the Cincinnati area.

- 4 -

is the fact that the crash occurred in the Southern District of Indiana.

We have consistently held that the district encompassing the situs of the crash is generally the most appropriate transferee district for litigation of this type. *In re Hendersonville, North Carolina Air Disaster Litigation*, 297 F. Supp. 1939 (JPML 1969); *In re Ardmore, Oklahoma Air Disaster Litigation*, 295 F. Supp. 45 (JPML 1968); *In re Cincinnati Air Disaster Litigation (TWA), supra; In re Cincinnati Air Disaster Litigation (American Airlines)*, 295 F. Supp. 51 (JPML 1968). There are no unusual circumstances present in this litigation which support a departure from this precedent.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A pending in other districts be and the same are hereby transferred to the Southern District of Indiana pursuant to 28 U.S.C. Section 1407 and with the consent of that court these actions are assigned to the Honorable Cale J. Holder for coordinated or consolidated pretrial proceedings.6/

---

6/ The transfer of these actions under Section 1407 does not prevent the appropriate court from considering the possibility of transferring these actions for trial under 28 U.S.C. Section 1404(a) when pretrial proceedings are complete. *In re Grain Shipment Litigation*, 300 F. Supp. 1402, 1404 (JPML 1969); *In re Hendersonville, North Carolina Air Disaster Litigation, supra*.

## SECHEDULE A

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Mozelle A. Freeman v. Allegheny Airlines, Inc. v. United States of America* | Civil Action No. 69-C-1319 |

### SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| *Jill Mary Kohr v. Allegheny Airlines, Inc.* | Civil Action No. IP 69-C-431 |
| *Nelda Cobb Fox v. Allegheny Airlines, Inc., et al.* | Civil Action No. IP 69-C-459 |
| *Bette C. Marshall v. Allegheny Airlines, Inc.* | Civil Action No. IP 69-C-476 |
| *Morris Groverman, Jr. v. Allegheny Airlines, Inc.* | Civil Action No. IP 69-C-479 |
| *Elisabeth Alexander v. Allegheny Airlines, Inc., et al.* | Civil Action No. IP 69-C-497 |
| *Juanita E. Quante v. Allegheny Airlines, Inc.* | Civil Action No. IP 69-C-523 |
| *Lorraine D. Carey v. Allegheny Airlines, Inc.* | Civil Action No. IP 69-C-544 |
| *Merchants National Bank & Trust Company of Indianapolis, etc. v. Allegheny Airlines, Inc.* | Civil Action No. IP 69-C-587 |
| *Edwin B. Fockler, III, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. IP 69-C-588 |
| *Edwin B. Fockler, III, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. IP 69-C-589 |
| *Barbara Dianne Morgan, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. IP 69-C-590 |
| *Judith Fahy Christy, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. IP 69-C-541 |

### SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| *The First National Bank of Cincinnati v. Allegheny Airlines, Inc.* | Civil Action No. 7296 |

- 2 -

| Case | Civil Action No. |
|---|---|
| *The First National Bank of Cincinnati v. Allegheny Airlines, Inc.* | 7297 |
| *The First National BAnk of Cincinnati v. Allegheny Airlines, Inc.* | 7298 |
| *Barbara C. Fields v. Allegheny Airlines, Inc.* | 7301 |
| *Shirley C. Rose v. Allegheny Airlines, Inc.* | 7308 |
| *Lois Ann Hubbell v. Allegheny Airlines, Inc.* | 7332 |
| *Joan Lee Reekers v. Allegheny Airlines, Inc.* | 7336 |
| *Garnet M. Brown v. Allegheny Airlines, Inc.* | 7343 |
| *The First National Bank of Cincinnati v. Allegheny Airlines* | 7344 |
| *Talmage L. Brannon, etc. v. Allegheny Airlines, Inc.* | 7341 |
| *Talmage L. Brannon, etc. v. Allegheny Airlines, Inc.* | 7342 |
| *Melba Schaeff Wientjes, etc. v. Allegheny Airlines, Inc.* | 7355 |
| *Harold S. Holford, etc. v. Allegheny Airlines, Inc.* | 7354 |
| *Mary Ann Boxwell, etc. v. Allegheny Airlines, Inc.* | 7373 |
| *Joseph M. DeCourcy v. Allegheny Airlines, Inc.* | 7265 |

### SOUTHERN DISTRICT OF WEST VIRGINIA

| Case | Civil Action No. |
|---|---|
| *Barbara Hardebeck v. Allegheny Airlines, Inc.* | 69-221 |

### NORTHERN DISTRICT OF ILLINOIS

| Case | Civil Action No. |
|---|---|
| *Fannabell S. Fixman v. Allegheny Airlines, Inc.* | 69 C 2182 |
| *Sondra Bays, etc. v. Allegheny Airlines, Inc.* | 69 C 2388 |

| | |
|---|---|
| *Elizabeth A. Flynn, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. 69 C 2428 |
| *Leila Diane Kulinski, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. 69 C 2678 |
| *Nancy F. Siebert, etc. v. Allegheny Airlines, Inc.* | Civil Action No. 69 C 2620 |
| *Nancy Murray Dryer, etc. v. Allegheny Airlines, Inc., et al.* | Civil Action No. 70 C 95 |

### EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| *Ione F. Roseberry v. Allegheny Airlines, Inc.* | Civil Action No. 6821 |

### DISTRICT OF CONNECTICUT

| | |
|---|---|
| *Margaret Sullivan, etc. v. Allegheny Airlines, Inc.* | Civil Action No. 13635 |
| *Margaret Sullivan, etc. v. Allegheny Airlines, Inc.* | Civil Action No. 13636 |